**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CONSTANTINO VELASQUEZ VELASQUEZ,** | Civil Action No. 26-9743 (SDW) |
| **Petitioner,** | |
| v. | **OPINION** |
| **TODD BLANCHE, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.    Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Constantino Velasquez Velasquez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall").  (ECF No. 1).

2.    Respondents oppose the Petition.  (ECF No. 5).

3.    Petitioner is a citizen of Mexico.  (*Id.* at 1).  On October 18, 2012, immigration authorities issued an expedited order of removal to Petitioner.  (ECF No. 5-4).  He was removed from the United States on October 19, 2012.  (ECF No. 5-3).

4.    Petitioner returned to the United States on or about March 14, 2014.  (ECF No. 5-2 at 2).  His prior order of removal was reinstated, and he was deported for the second time on March 23, 2014.  (*Id.*).

5.    Immigration and Customs Enforcement ("ICE") encountered and detained Petitioner on July 22, 2026.  (*Id.*)  Petitioner was notified that ICE intended to reinstate his prior order of removal.  (ECF No. 5-5).

6.	Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7.	Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8.	Petitioner was ordered removed October 19, 2012, and that order of removal was reinstated on July 23, 2026. (ECF No. 5-5). Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that [a noncitizen]has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."

9.	That reinstated removal order is administratively final. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1231.

10.	Petitioner concedes that he is subject to the reinstated order of removal. (ECF No. 6).

11.	Accordingly, this Court will deny the Petition. Any restrictions on Petitioner's location will be lifted.

12. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 12, 2026